UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **JOSEPH HARMON,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0238 AS |
| | ) | |
| **ED BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM OPINION AND ORDER*

On or about April 21, 2005, *pro se* petitioner, Joseph Harmon, an inmate at the Westville Correctional Facility in Westville, Indiana (WCF), filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on August 22, 2005, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The Attorney General has placed before this Court a series of documents designated A through G, both inclusive, which explicate in great detail the proceedings involved.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the WCF in this district. He was the subject of a prisoner disciplinary proceeding before a CAB in and around June 2004 under case number WCC 04-06-0463. He was found to be guilty of disorderly conduct under a Class B offense number 236. The sanction included a loss of phone privileges for two months which does not implicate a liberty interest under *Sandin v.*

*Conner*, 515 U.S. 472 (1995). The sanction also included a demotion from credit class II to credit class III which does implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974). There was also the imposition of a suspended sanction of six months segregation from a previous case, namely, WCC 04-06-0214 which now does not implicate a liberty interest under *Sandin*. The proceedings here comport with *Wolff*. There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The CAB here relied on staff reports and this petitioner's own statement. The petitioner has presented no basis here for relief under 28 U.S.C. §2254. Such relief is now most respectfully **DENIED. IT IS SO ORDERED**.

**DATED:** October 4, 2005

> S/ ALLEN SHARP
> **ALLEN SHARP, JUDGE**
> **UNITED STATES DISTRICT COURT**